UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 14-020-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY GUTIERREZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Larry Gutierrez is one of several defendants charged with conspiring to distribute heroin and a methamphetamine mixture in Whitley County, Kentucky beginning in October 2013 and continuing until approximately March 19, 2014.[1]  [Indictment, Counts 2 and 3; Record No. 8]  After his transfer to this district pursuant to a Writ of Habeas Corpus Ad Prosequendum, Gutierrez's appointed counsel moved the Court to direct a competency and sanity evaluation of the defendant.  [Record No. 80]  In support of his request, counsel represented that he had met with the defendant on several occasions but was "unable to extract any useful information that would be of any assistance in the preparation of potential defenses."  Further, counsel represented that he was "not convinced that [Gutierrez] fully understands the consequences of the criminal case against him."  [*Id.* at p. 1]  Based on these

---

1    In Count 4, Gutierrez is charged with using a communication facility (*i.e.*, the United States mail) to facilitate the commission of the acts charged in Counts 2 and 3.

representations, United States Magistrate Judge Hanly A. Ingram granted counsel's motion on August 15, 2014. [Record No. 83]

Defendant Gutierrez was evaluated at the Federal Medical Center in Lexington, Kentucky during the period of August 27, 2014, through November 10, 2014. Following Gutierrez's evaluation, two separate forensic reports were issued due to the distinct nature of the questions raised regarding the defendant's psychological functioning. [Record No. 111] Specifically, the competency evaluation concerns the defendant's current mental state ("Competency Report"), while the criminal responsibility examination concerns the defendant's mental status only at the time of the alleged offenses ("Sanity Report"). All parties had access to the resulting forensic reports issued by clinical psychologist Dr. Dia B. Boutwell, Ph.D. In the reports, Dr. Boutwell concluded that the defendant was both competent for trial purposes and able to appreciate the nature, quality, and wrongfulness of his behavior at the time of his alleged offense.

After receiving Dr. Boutwell's reports, the Court scheduled a competency hearing for December 30, 2014, during which Assistant United States Attorney ("AUSA") Kevin Dicken appeared on behalf of the United States, as well as Gutierrez and his court-appointed attorney Michael R. Murphy. [*See* Record No. 113.] No additional testimony or evidence was presented at the hearing. As a result, the matter was submitted for consideration of the competency report of Dr. Boutwell.

### A.     Dr. Boutwell's Competency Report

Section 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in § 4247(d)). Ultimately, under § 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a).

As noted previously, the only proof presented for the Court's consideration regarding Gutierrez's competency is Dr. Boutwell's Competency Report.  Dr. Boutwell throughly analyzed Gutierrez's history, behavior, and testing performance.  She directly observed Gutierrez through interviews and subjected him to psychological testing.  Additionally, she obtained information from the attorneys in the case.  [*See* Record No. 111, pp. 1-2.]

The Competency Report is a comprehensive assessment of Gutierrez's mental and psychiatric condition.  The defendant was evaluated at FMC-Lexington over a period of approximately 76 days.  Once he arrived at FMC-Lexington, Gutierrez underwent a routine physical examination.  He was also completed a personal history questionnaire and answered a series of competency-related questions.  Based on his responses, Gutierrez was viewed as a fairly reliable historian.  Gutierrez's childhood can be generally described as chaotic, based on drug abuse by his mother, neglect, physical abuse by various individuals, and exposure to and use of drugs and alcohol at a very early age.

Gutierrez attended school until the seventh grade and later obtained a general equivalency ("GED") while in prison. He reported behavior problems while attending school, marked by fighting, arguing with teachers, and possession of drugs. The defendant never obtained formal employment and characterized his occupation as a "drug addict." [Record No. 111, p. 4] Further, a significant portion of Gutierrez's adult life has been spent in prison in Kentucky and California. In addition to some psychiatric treatment on an outpatient basis at an early age, Gutierrez reported several physical injuries requiring treatment. And significantly, Gutierrez acknowledged a history of severe and chronic substance abuse throughout his youth and adult years.

The forensic report states that Gutierrez had no difficulty completing paperwork utilized to set up telephone and commissary services or in communicating with his unit team. Likewise, he displayed no difficulty understanding or following instructions and was able to carry out all daily activities, including personal care, room sanitation, laundry, recreation, and socializing with other inmates. Gutierrez was administered the Wechsler Adult Intelligence Scale, Fourth Edition ("WAIS-IV"); Minnesota Multiphasic Personality Inventory, 2nd Edition, Restructured Form ("MMPI-2-RF") during his examinations. However, he did not put forth the same degree of effort on all of the WAIS-IV subtests. The report indicates that Gutierrez responded incorrectly to easier items while answering harder items correctly. As a result, Dr. Boutwell concludes that the results of this testing should be considered as an indicator of minimum abilities. Subject to this caveat, Gutierrez's Verbal Comprehension Index and Perceptual Reasoning Index scores were in the borderline range

of functioning while his Working Memory Index and Processing Speed Index indicated an

average range of functioning.  Due to the disparity of scores, Gutierrez's overall intelligence

was estimated to be in the low average range.  And because Gutierrez did not respond

consistently while being administered the MMPI-2-RF, his profile was determined to be "not

interpretable."  [Record No. 111, p. 8]

Based on the results of clinical interviews, observations, and psychological testing,

Dr. Boutwell reached the following conclusions regarding Gutierrez's current mental status:

> Mr. Gutierrez likely functions in the low average range of intelligence, but his
> variable effort during intelligence testing makes it difficult to pinpoint his true
> functioning.  Nevertheless, he did not demonstrate the adaptive functioning
> deficits that would signify the presence of a significant intellectual deficit. . .
> . His report of psychotic symptoms such as auditory and visual hallucinations
> was not credible . . .  In contrast, he presented as lucid, goal-oriented, rational,
> and attentive at all times. . . .  Mr. Gutierrez did not appear to be suffering
> from severe symptoms of a mood disorder.

> Mr. Gutierrez's primary difficulty involves a history of chronic and significant
> drug abuse. . . .  Further, individuals with severe substance dependence
> disorders may engage in risky behaviors in order to obtain their preferred
> substance, and these individuals are at significant risk for illegal, impulsive,
> or poorly planned behaviors.  Another prominent psychological difficulty
> experienced by Mr. Gutierrez involves the presence fo an antisocial
> personality disorder. . . . [However, p]ersonality disorders are generally not
> considered a severe mental illness, largely because they are viewed as more
> intentional or volitional than other psychiatric disorders.

[Record No. 111, pp. 8-10]  Additionally, Gutierrez's responses during interviews indicate

that he possesses the functional capabilities necessary to proceed to trial. [*Id*. at pp. 10-12]

Section 4241 of Title 18 of the United States Code codifies the competency principles

of *Dusky v. United States*, 362 U.S. 402 (1960).  To be competent, a defendant must have

"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Here, Dr. Boutwell correctly applied the *Dusky* standard in determining that Gutierrez is competent. Further, he does not have a significant mental disease or defect that would adversely affect his ability to assist his attorney in this criminal action. The Court adopts Dr. Boutwell's findings in concluding that Defendant Gutierrez is competent.

Based on the foregoing analysis and discussion, the Court **FINDS** and **CONCLUDES** that Defendant Larry Gutierrez is competent to face further proceedings including trial.

This 30th day of December, 2014.

Signed By:

*Danny C. Reeves* DCR

United States District Judge