UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 14-020-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY GUTIERREZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 22, 2014, Defendant Larry Gutierrez was charged with one count of conspiring to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of using a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.  [Record No. 1]  The United States filed a notice of statutory enhancement relating to a prior drug trafficking offense pursuant to 21 U.S.C. § 851 on January 27, 2015.  [Record No. 119]

Gutierrez later pleaded guilty to the methamphetamine conspiracy charge.  [Record No. 144]  Pursuant to the § 851 notice, he was subject to a 20-year mandatory minimum at the time he was sentenced.  *See* 21 U.S.C. § 841(b)(1)(A) (2010).  The Court sentenced Gutierrez on July 24, 2015, to a term of 270 months' imprisonment, to be followed by 10 years of supervised release.  [Record Nos. 273 and 274]  Gutierrez then appealed.

The United States Court of Appeals for the Sixth Circuit found that the defendant had entered a valid guilty plea, waiving his right to appeal the conviction, and affirmed his sentence

- 1 -

on October 18, 2017.  [Record No. 395]  After the Sixth Circuit's mandate issued on November 9, 2017 [Record No. 396], there was no further activity in Gutierrez's case until he filed a motion postmarked June 25, 2020, seeking a sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and changes to enhanced statutory penalties under Section 401 of the First Step Act of 2018 ("the Act"), Pub. L. 115-391, 132 Stat. 5194, 5220 (2018).  [Record No. 429] The Court denied that motion on June 30, 2020.  [Record No. 430]  In doing so, the Court found that the medical conditions (heart disease, chronic obstructive pulmonary disease, asthma, neck, back, lumbar, and hand problems) and family circumstances Gutierrez described were not "extraordinary and compelling reasons" to justify a sentence modification under § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 n. 1.  [*Id.* at p. 2]  Further, the Court found that Section 401 of the Act is not retroactive and cannot provide Gutierrez the relief he sought.  [*Id.* at p. 3 (citing *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019).]

## I.

Gutierrez has now filed an undated motion (docketed on July 27, 2020) that, in part, requests compassionate release under § 3582(c)(1)(A)(i).  [Record No. 432]  He again asserts that his health problems constitute extraordinary and compelling reasons justifying compassionate release and further cites the COVID-19 pandemic as a ground for relief. [Record No. 432-1, p. 8]  Gutierrez also claims that § 1B1.13 n. 1 no longer provides exclusive categories of circumstances that may constitute extraordinary and compelling reasons for compassionate release after the passage of the Act.  [*Id.* at pp. 2-3]

Notwithstanding the defendant's present arguments, the Court again finds that his health problems do not meet the criteria for the "medical condition of the defendant" category

of extraordinary and compelling reasons for compassionate release prescribed by U.S.S.G. §

1B1.13 n. 1. "Medical condition of the defendant" includes circumstances where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13 n. 1(A). Gutierrez has provided a medical record from October 12, 2018,

indicating that he suffered from chronic obstructive pulmonary disease, asthma, hepatitis C, a

colostomy problem, myocardial infarction, and a small bowel obstruction. [Record No. 432-

1, p. 23] Even assuming the defendant currently has the same or similar medical problems,

which are serious, he has not shown that any of them (together or in combination) constitute a

terminal illness or that they substantially diminish his ability to provide self-care. The risk of

contracting coronavirus does not alter this analysis.

On other occasions, the Court has rejected arguments that it may now bypass § 1B1.13

n. 1 and fashion its own extraordinary and compelling reasons that warrant sentence

modifications under § 3582(c)(1)(A)(i). *See, e.g.*, *United States v. Brummett*, No. 6: 07-103-

DCR, 2020 WL 1492763, at *3 (E.D. Ky. March 27, 2020); *United States v. Washington*, No.

5: 13-020-DCR, 019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019). Because Gutierrez's

problems do not meet the criteria of "medical condition of the defendant" or any other category

enumerated by § 1B1.13 n. 1, the request for compassionate relief will be denied.

Gutierrez's motion also reiterates his arguments regarding changes to enhanced statutory minimum penalties following passage of the Act. [Record No. 432-1, p. 8] The Court's prior analysis on this point stands – the changes implemented by Section 401 do not apply retroactively to defendants sentenced before the Act was enacted. *Wiseman*, 932 F.3d at 417. Thus, the motion will be denied insofar as it seeks a sentence modification due to Section 401 of the Act.

## II.

The pending motion does offer several new arguments, and all of them constitute collateral attacks under the federal habeas statute 28 U.S.C. § 2255.[1] As such, the Court must conduct a preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Gutierrez's § 2255 grounds for relief include: (1) a claim that the plea agreement was invalid due to ineffective assistance of counsel relating to advice given before he entered the guilty plea; (2) a claim that appears to assert that the Court invalidly sentenced the defendant by considering enhanced statutory penalties under § 841(b)(1)(A) rather than § 841(b)(1)(C);[2] (3) a claim that his guidelines range at sentencing was improperly calculated because the purity of the methamphetamine at issue was not tested; (4) an ineffective assistance of counsel claim relating to "sentencing entrapment[,] sentencing manipulation and relevant conduct;" and (5) a claim arguing that his "career offender sentence [was] base[d] on a 'hypothetical

---

[1]     The defendant properly frames his motion as one for both § 3582 and § 2255 relief. [Record No. 432, p. 1]

[2]     Gutierrez also appears to believe that trial and appellate counsel were ineffective for failing to argue this issue. [Record No. 432-1, p. 6]

enhancement' and [criminal] history points [were] calculated wrong." [Record No. 432-1, pp. 4-8] Gutierrez also asserts that he has tried to pursue his rights diligently, although he does not elaborate on this point. [*Id.* at p. 8] He has provided two notes addressed to the Court that discuss trial and appellate counsel's performance, and one of these notes claims that the defendant was impaired by medications when he entered his guilty plea. [Record No. 432-1, pp. 16-17] However, these notes are undated and do not appear in any documents filed in the record prior to the pending motion.

The motion is untimely to the extent the defendant seeks relief under § 2255. As relevant here, a one-year limitations period on § 2255 claims runs from "the date of which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for direct appeal expires and no appeal has been filed . . . ." *Gillis v. United States*, 729 F. 3d 641, 644 (6th Cir. 2013) (citing *Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Generally, a defendant has 90 days to appeal a circuit court decision by filing a petition for a writ of certiorari in the Supreme Court of the United States. Sup. Ct. R. 13(1). This period "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup. Ct. R. 13(3).

In this case, the Sixth Circuit affirmed this Court's Judgment on October 18, 2017. Gutierrez had 90 days to petition the Supreme Court for a writ of certiorari, and this period expired on January 16, 2018, with no petition filed. The one-year limitations period of § 2255(f) began on that date and expired on January 16, 2019. Thus, Gutierrez's § 2255 claims, which were filed a year-and-a-half later, are untimely.

Further, there is no indication that the doctrine of equitable tolling should apply in this case. "Equitable tolling 'allows courts to toll a statute of limitations when a litigant's failure

to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Blain v. United States*, 766 F. App'x 327, 330 (6th Cir. 2019) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).   "Courts grant equitable tolling 'sparingly,' and a habeas petitioner is entitled to equitable tolling only if he shows that (1) 'he has been pursuing his rights diligently,' and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011)).

Gutierrez does not make any explicit equitable tolling arguments.  He does contend, however, that he has diligently pursued his rights.  As the record stands now, there is no evidence of this point.  Gutierrez has attached the two notes discussing his issues with trial and appellate counsel and the alleged impairment of medications when he entered his guilty plea,[3] but these documents are undated and were not before the Court prior to the pending motion. And even if they were, they would not demonstrate a diligent effort to pursue a § 2255 claim. Gutierrez also does not argue that any extraordinary circumstances prevented him from timely filing his claims.  Thus, as the record stands now, the limitations period should not be equitably tolled.

That said, the Sixth Circuit has held that district courts may not *sua sponte* dismiss § 2255 claims for untimeliness without according "the parties fair notice and an opportunity to

---

[3]     At Gutierrez's change of plea hearing, he testified that the only medication he was using at the time was Zantac, a drug with an active ingredient used to treat stomach and intestinal ulcers as well as other stomach and throat problems with no reported side effects that could impair the defendant's ability to consciously enter a plea of guilty.  [Record No. 347, p. 6; Zantac    Tablet,    https://www.webmd.com/drugs/2/drug-4090-7033/zantac-oral/ranitidine-tablet-oral/details#:~:text=Ranitidine%20is%20used%20to%20treat,%2C%20Zollinger%2DEllison%20syndrome (last visited July 31, 2020).]

present their positions." *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)) (internal quotation marks omitted). Although Gutierrez's statement that he has diligently pursued his rights and the undated notes pertain to the issue of equitable tolling, it is not entirely clear from the motion and its attachments that the defendant understands that his claims are potentially time-barred.

Therefore, the Court's analysis in this opinion will serve to put Gutierrez on notice of the timing defect. He will be directed to respond to this Order on the *limited issue* of whether the limitations period for his § 2255 claims should be equitably tolled.

### III.

In addition to affirmatively requesting relief in the form of a sentence modification or a vacated conviction and sentence, Gutierrez requests that the Court appoint counsel. [Record No. 432, p. 1] The Court declines to do so in this case. There is no constitutional or statutory right to counsel in proceedings concerning sentence modifications under § 3582. *United States v. Clark*, No. 6: 07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). The Court maintains the discretion to appoint counsel, but doing so is unwarranted where the issues raised "are straightforward and resolvable upon review of the record." *Id.* Here, the issues raised in the portions of the defendant's motion concerning a sentence modification are straightforward and resolvable upon a review of the record. Thus, the Court declines to appoint counsel for Gutierrez to further pursue his § 3582 claims.

Likewise, there is no constitutional right to counsel when a defendant collaterally attacks his conviction or sentence as Gutierrez has done with his § 2255 claims. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722,

752-53 (1991)).  Instead, appointment of counsel is generally only necessary when a court finds that "the interests of justice so require."  18 U.S.C. § 3006A(2)(B); *Ugochukwu v. United States*, No. 17-3073, 2018 WL 3602183, at *4 (6th Cir. Apr. 26, 2018).  "The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim."  *Rogers v. Skipper*, 811 F. App'x 986 (6th Cir. July 10, 2020) (memorandum opinion).  Regardless of the merits of Gutierrez's claims or whether they are time-barred, his motion demonstrates that he has the means to investigate, prepare, and present them to the Court.  Therefore, the Court declines to appoint counsel for Gutierrez to further pursue his habeas claims.

## IV.

Finally, Gutierrez asks that the Court provide copies of various documents in the record, including sentencing transcripts, all documents relating to the § 851 notice, the plea agreement, and the Presentence Investigation Report ("PSR").   [Record No. 432-2]  Defendants are generally not entitled to free copies of documents filed in the record for the purposes of pursuing post-conviction relief.  *See Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970).  To obtain free copies, they must make a "special showing of necessity."  *Id.*  Gutierrez has not attempted to make such a showing, and his articulation of the claims in the pending motion indicates that he does not require copies of these documents to sufficiently present his arguments to the Court.  Therefore, the Court will not provide free copies of these documents.

Further, the Court does not make available sealed documents, such as the PSR and the supplement to the plea agreement in this case, while a defendant is held in custody for his private review or retention.  *See*, *e.g.*, *United States v. McCraney*, 99 F. Supp. 3d 651, 660 n.9

(E.D. Tx. 2015); *see also* Federal Bureau of Prisons Change Notice 1351.05 (Mar. 9, 2016), https://www.bop.gov/policy/progstat/1351_005_CN-2.pdf ("For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs."). For this additional reason, Gutierrez's specific request for certain sealed documents will also be denied.

**V.**

Accordingly, it is hereby

**ORDERED** as follows:

1.    To the extent Defendant Larry Gutierrez seeks compassionate release or a sentence modification pursuant to Section 401 of the First Step Act, his motion [Record No. 432] is **DENIED**.

2.    Insofar as Gutierrez seeks relief pursuant to 28 U.S.C. § 2255, he is **DIRECTED** to respond **on or before August 17, 2020**, to the narrow issue of whether the limitations period on his § 2255 claims should be equitably tolled. Failure to sufficiently demonstrate the appropriateness of equitable tolling will result in the summary dismissal of his § 2255 claims under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3.    The defendant's request for appointment of counsel is **DENIED**.

4.    The defendant's request for copies of various documents in the record is **DENIED**.

Dated:  August 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky