UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 14-020-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY GUTIERREZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Larry Gutierrez recently filed a motion requesting compassionate release under § 3582(c)(1)(A)(i), appointment of counsel, and relief under 28 U.S.C. § 2255. [Record No. 432] The Court denied his requests for compassionate release and appointment of counsel, and directed him to respond to the issue of whether his § 2255 claims should be equitably tolled. [Record No. 433] He has now filed a motion and response with the Court. [Record Nos. 435 and 437] And Gutierrez has further filed a notice of appeal. [Record No. 436] After review of Gutierrez's filings, the Court will construe these filings as five separate requests: (1) a motion for an extension of time to show equitable tolling is necessary for his § 2255 claims; (2) a motion to apply equitable tolling to his § 2255 claims; (3) a motion to reconsider the Court's ruling on § 3582 and the First Step Act of 2018 ("the 2018 Act"); (4) a motion for appointment of counsel; and (5) a motion for a free copy of his July 27, 2020, motion. For the reasons stated below, all five requests will be denied.

I.

This Court construed Gutierrez's July 27, 2020, filing as a motion seeking relief under 28 U.S.C. § 2255.  [Record No. 433]  His motion was deemed untimely, as it was barred by the one-year limitations period applicable to § 2255 claims.  28 U.S.C. § 2255(f)(1).  And while equitable tolling may apply to untimely motions where a petitioner "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way and prevented timely filing," *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011), the Court did not find any argument or evidence to support equitable tolling.  However, Gutierrez was offered "fair notice and opportunity to present [his] position[]" regardomg whether equitable tolling should apply.  *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).  Specifically, the Court notified Gutierrez of the potential timing defect and directed him to respond on or before August 17, 2020.

Gutierrez then filed a motion on August 11, 2020, seeking an extension of time to respond to the Court's request due to restrictions on access to a law library.  [Record No. 435]  He later wrote in his August 13, 2020 submission that he was "writing this motion to show equitable tolling."  [Record No. 437]  Because he filed his response before the Court's deadline, his motion for an extension is moot.

Next, the Court turns to the question of whether Gutierrez has shown that equitable tolling applies to his § 2255 claims.  In the August 3, 2020, Memorandum Opinion and Order, the Court noted that Gutierrez had not offered sufficient evidence of a diligent effort to pursue his § 2255 claims or that any extraordinary circumstances prevented a timely filing.  [Record No. 433, p. 6]  Gutierrez's response included no further evidence.  [Record No. 437]  Beyond

stating that "equitable tolling should be over looked," Gutierrez's motion merely restates arguments supporting a collateral attack pursuant to § 2255. [*Id.* at p. 2] In short, after being given notice and an opportunity to present additional evidence, Gutierrez did not do so. Accordingly, he is not entitled to relief under § 2255, and his petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## II.

Gutierrez also asks the Court to reconsider its denial of compassionate release under § 3582 and relief under the 2018 Act. [Record No. 437 at p. 1] The Federal Rules of Criminal Procedure do not provide for motions for reconsideration and Gutierrez does not identify the standard under which the Court should evaluate his motion. However, courts may review motions to reconsider § 3582(c) rulings under the same standard as motions to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See United States v. Holland*, No. 6: 05-030-DCR, 2016 WL 1047929, at *1 (E.D. Ky. March 15, 2016) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) permits the Court to alter its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). But Gutierrez has not established that any of these circumstances are present in this case.

Gutierrez contends that the Court mistakenly denied relief under U.S.S.G. § 1B1.13 n. 1. He argues that he intended to request relief under note 1(d), rather than note 1(a). Because Gutierrez's health conditions and the COVID-19 pandemic were the main basis for his request for relief, his medical condition was the only "extraordinary and compelling

circumstance" analyzed in full. The Court noted, however, that Gutierrez's "problems do not meet the criteria of 'medical condition of the defendant' or any other category enumerated by § 1B1.13 n. 1." [Record No. 433 at p. 3]

Additionally, note 1(d) of § 1B1.13 allows courts to consider other extraordinary and compelling circumstances only when they are "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1(d). "Thus, this Court has no authority to find 'other reasons'" without such a determination. *United States v. Hickman*, No. 6: 15-cr-42-KKC, 2020 WL 2838544, at *2 (E.D. Ky. June 1, 2020). Gutierrez offered no evidence of such a determination, so the Court was not in error to conclude his request did not meet note 1(d)'s criteria. And he has offered no newly discovered evidence to support his request here. Thus, Gutierrez's motion for reconsideration of the Court's denial of § 3582 relief will be denied.

Gutierrez further reiterates his arguments regarding changes to enhance mandatory minimums under the 2018 Act. [Record 437 at p. 1] He acknowledges, however, that these changes do not apply retroactively to him, and points to no error. [*Id.*] Accordingly, his motion for reconsideration of the Court's denial of relief under the 2018 Act will be denied.

### III.

Gutierrez also renews his request for appointment of counsel. The Court declined to do so in its August 3, 2020, Memorandum Opinion and Order. [Record No. 433, pp. 7-8] The Court will decline this request again, but for a different reason. Gutierrez has filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [Record No. 436] The notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56,

58 (1982)). As a result, this Court no longer has jurisdiction to consider Mosley's motion for appointment of counsel. *See McBride v. Lafler*, No. 2:06-cv-15380, 2012 WL 3578736, at *2 (E.D. Mich. Aug. 20, 2012) ("Petitioner's notice of appeal divests [the district court] of jurisdiction to consider his motion for the appointment of appellate counsel.").

### IV.

Finally, Gutierrez requests a free copy of his July 27, 2020 motion. [Record No. 435] This Court denied a similar request in its August 3, 2020 Memorandum Opinion and Order. [Record No. 433, pp. 8-9] It will do so again here. Defendants are not entitled to free copies of documents absent a "special showing of necessity." *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970). Gutierrez has not attempted to make this showing, and his request will be denied. He can receive a copy of his July 27, 2020 motion from the Clerk of Court and pay the necessary fees. The fee for producing any record or paper is $.50 per page. *See* Judicial Conference Schedule of Fees.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The Defendant Larry Gutierrez's motion for extension of time to file a response regarding equitable tolling [Record No. 435] is **DENIED** as moot.

2. The defendant's motion seeking to apply equitable tolling to his § 2255 claims is **DENIED**.

2. The defendant's § 2255 claims are **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts pursuant to this Court's August 3, 2020 Memorandum Opinion and Order. [Record No. 433]

3. The defendant's motion for reconsideration [Record No. 437] is **DENIED**.

4.      The defendant's request for appointment of counsel [Record No. 437] is **DENIED**, without prejudice to being renewed before the United States Court of Appeals for the Sixth Circuit.

5.      The defendant's request for a copy of his July 27, 2020 motion [Record No. 435] is **DENIED**.

Dated:  August 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky